# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROYAL WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L.A.S.D. SERGEANT SHINGILA, *et al.*,<br><br>　　　　　Defendants. | Case No. CV 16-00224 DSF (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

　　　On January 12, 2016, plaintiff, an inmate presently incarcerated at the North Kern State Prison in Delano, California, filed a Complaint in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed without prepayment of the full filing fee. The Complaint names as defendants Los Angeles County Sheriff's Department ("LACSD") officials including Sergeant Shingila, Deputy Flores, and "unknown medical personnel." Defendants are named in their official as well as individual capacities. (Doc. No. 1 at 3-4.)[1]

---

[1] The Court references the electronic version of the Complaint because the document plaintiff filed does not have consecutive page numbers.

In his Claim 1, plaintiff alleged that his Eighth Amendment rights were violated when an unknown deputy at the Twin Towers Correctional Facility ("TTCF") used unnecessary and excessive force against plaintiff on February 9, 2015. (Doc. No. 1 at 5-6.) In his Claim 2, plaintiff alleges that his Eighth Amendment rights were violated when Deputy Flores failed to secure an inmate in the shower while plaintiff was handcuffed to a table in the common area. Plaintiff was physically assaulted by the other inmate when Deputy Flores left the area. (*Id.* at 7.) In his Claim 3, plaintiff alleges that his Eighth Amendment rights were violated when unknown medical personnel failed to provide plaintiff with pain medication. (*Id.* at 8.) Plaintiff seeks monetary damages. (*Id.* at 9.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). **If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than April 20, 2016,**

**remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

## DISCUSSION

### A. The allegations of the Complaint appear insufficient to state a claim against any defendant in his or her official capacity.

Plaintiff names all defendants in their official capacities. (Doc. No. at 3-4.) The Supreme Court, however, has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.*, 473 U.S. at 166. As the Supreme Court held in *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978), a local government entity such as the Los Angeles County Sheriff's Department "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("under § 1983, local governments are responsible only for their *own* illegal acts" (emphasis in original, internal quotation marks omitted)). Further, a *Monell* claim against a local government entity may not be pursued in the absence of an underlying constitutional deprivation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Here, plaintiff does not purport to allege that the execution of any specific policy, ordinance, regulation, custom or the like of the LACSD was the "actionable cause" of his alleged constitutional violations. *See Tsao v. Desert Palace, Inc.,* 698 F.3d 1128, 1146 (9th Cir. 2012) ("a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but-for and proximate causation"); *Lee v. City of Los Angeles*, 250 F.3d 668, 681-82 (9th Cir. 2001) (plaintiff must allege that the local entity's custom or policy was the "moving force behind the constitutional violation[s]"). To the contrary, plaintiff alleges that Deputy Flores failed to follow "policy" when he failed to secure another inmate in the shower. (Doc. No. 1 at 7.) Accordingly, the allegations in the Complaint appear insufficient to state any claim against any defendant in his or her official capacity.

### B. The allegations of the Complaint appear insufficient to state a claim pursuant to the Eighth or Fourteenth Amendments.

Plaintiff appears to have been a detainee at the time that his claims arose. Accordingly, his claims derive from the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's Cruel and Unusual Punishment Clause. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (because plaintiff was a pretrial detainee and "had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"); *see*

*also Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

### 1. *inadequate medical care*

With respect to a claim of constitutionally inadequate medical care, the Eighth Amendment's standard for deliberate indifference also applies to pretrial detainees. *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases." (internal citations omitted)); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010. The Eighth Amendment's proscription against cruel and unusual punishment also encompasses the government's obligation to provide adequate medical care to those whom it is punishing by incarceration. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). In order to establish a claim under the Eighth Amendment for inadequate medical care, a plaintiff must show that a specific defendant was deliberately indifferent to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle*, 429 U.S. at 106. "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, "a prisoner must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the 'unnecessary and wanton infliction of pain.'" *Peralta v.*

*Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946 (2015) (internal quotation marks omitted).

Second, to meet the subjective element, a prisoner must "demonstrate that the prison official acted with deliberate indifference." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Accordingly, even "gross negligence" is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, to the extent that plaintiff purports to raise a claim against unknown "medical personnel" for the failure to provide a substitute pain medication at an unspecified time after plaintiff informed unspecified personnel that he is allergic to Ibuprofen, plaintiff's claim fails to allege that his pain was sufficient to constitute an objectively serious medical condition. Further, plaintiff fails to set forth any

factual allegations against any specific jail official to raise a reasonable inference that any jail official subjectively was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed by not providing plaintiff with alternative pain medication and that the official also drew such an inference. *See Toguchi*, 391 F.3d at 1057.

### *2. use of excessive force*

Plaintiff's Claim 1 alleges that an unknown deputy used "unnecessary excessive force against plaintiff" by "slamming the left side of the plaintiff's head against a table." Plaintiff alleges that the "force was the result of the plaintiff engaging in a robust exchange of words with Deputy Alcalai and Sergeant Shingila" during which plaintiff called Deputy Alcalai "an asshole." (Doc. No. 1 at 5-6.)

In order to raise a claim for the excessive use of force by a deputy sheriff against a pretrial detainee, the "detainee must show . . . only that the officers' use of . . . force was *objectively* unreasonable," not "that the officers were subjectively aware that their use of force was unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2470 (2015) (emphasis in original). The analysis, however, must "account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained.'" *Kingsley*, 135 S. Ct. at 2473 (quoting *Bell*, 441 U.S. at 547) (alteration in original). Further, the Court must accord substantial deference to the professional judgment of jail officials in the adoption and execution of "policies and practices that in [their] judgment . . . are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (quoting *Bell*, 441 U.S. at 540) (internal quotation marks omitted); *see also Griffin v. Gomez*, 741 F.3d 10, 20 (9th Cir.) (quoting *Bell*, 441 U.S. at 547), *cert. denied*, 135 S. Ct. 114 (2014).

1    Here, plaintiff's factual allegations fail to raise a reasonable inference that the
2 unnamed deputy's use of force in slamming plaintiff's head against a table under
3 the circumstances was objectively unreasonable in light of the need to preserve
4 internal order and discipline.  Because plaintiff alleges that he was engaged in a
5 "robust exchange of words" with two jail officials and that he used profanity toward
6 one of the officials, it was not objectively unreasonable for an official to use some
7 force against plaintiff.  Plaintiff's factual allegations must be more than "merely
8 consistent with a defendant's liability," to plausibly suggest an entitlement to relief.
9 *Iqbal*, 556 U.S. at 678.

10    In addition, to the extent that plaintiff is purporting to raise any claims
11 against Sergeant Shingila in connection with the use of force, in order to state a
12 federal civil rights claim against a particular defendant, plaintiff must allege that a
13 specific defendant, while acting under color of state law, deprived him or her of a
14 right guaranteed under the Constitution or a federal statute.  *See West v. Atkins*, 487
15 U.S. 42, 48 (1988); *Karim-Panahi*, 839 F.2d at 624.  "A person deprives another 'of
16 a constitutional right, within the meaning of section 1983, if he does an affirmative
17 act, participates in another's affirmative acts, or omits to perform an act which he is
18 legally required to do that causes the deprivation of which [the plaintiff
19 complains].'"  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), quoting *Johnson
20 v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original).

21    Here, plaintiff alleges that Sergeant Shingila "failed to exercise her authority
22 to abate said force" (Doc. No. 1 at 6), but plaintiff does not set forth any factual
23 allegations of any continuing use of force.  Accepting as true the factual allegations
24 in the Complaint, plaintiff alleges that the unknown deputy took only one action in
25 slamming plaintiff's head against a table.  Accordingly, plaintiff fails to allege that
26 Sergeant Shingila could have taken any action to prevent the use of force.
27 ///
28 ///

### *3. failure to protect*

Although it is not clear if the appropriate standard for addressing a pretrial detainee's claim that an official failed to protect him from a substantial risk of serious harm is deliberate indifference or objective unreasonableness, it is clear that jail officials must "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832-33; *compare Kingsley*, 135 S. Ct. at 2473 ("We have said that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (internal quotation marks omitted, emphasis added)) *with Clouthier*, 591 F.3d at 1241-42 (citing the Supreme Court's ruling that "failure to prevent harm amounts to punishment where detention officials are deliberately indifferent," and noting that neither the Ninth Circuit "nor the Supreme Court have departed from the standard set forth in *Bell* and *Farmer* for considering pretrial detainees' claims that government officials violated their Fourteenth Amendment rights by failing to prevent harm"). The detainee, however, must allege that he was exposed to a "substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

Plaintiff appears to allege that Deputy Flores failed to protect him from an assault from another inmate on March 22, 2015. Plaintiff alleges that Deputy Flores "neglected his duty" and failed to secure an inmate in the shower while plaintiff was handcuffed to a table in a common area. When Deputy Flores left the area, the other inmate left the shower area and assaulted plaintiff. (Doc. No. 1 at 7.) Although plaintiff alleges that Deputy Flores failed to follow policy in securing the other inmate in the shower, he does not set forth any factual allegations showing that the actions of a jail official in leaving an unsecured inmate in the shower posed an objectively serious risk of substantial harm to plaintiff in a common area. Further, to the extent that plaintiff must show that Deputy Flores acted with deliberate indifference, his allegations are insufficient to raise a reasonable inference that the Deputy knew of, but disregarded, an excessive risk to plaintiff's

safety. *See Farmer*, 511 U.S. at 837. Rather, it appears from the factual allegations that Deputy Flores may have been merely negligent. The Supreme Court recently reiterated that "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley*, 135 S. Ct. at 2472 (2105) (emphasis in original); *see also Daniels v. Williams*, 474 U.S. 327, 333 (1986) ("Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is *constitutionally* required.'" (emphasis in original)).

Accordingly, the factual allegations in the Complaint fail "to raise a right to relief above the speculative level" on a failure-to-protect claim. *See Twombly*, 550 U.S. at 555.

************

If plaintiff still desires to pursue this action, **he is ORDERED to file a First Amended Complaint no later than April 20, 2016**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that, if he desires to pursue this action, he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of his pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED: March 9, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE